HON. PETER G. STRIPHAS County Attorney, Orange County
This is in response to a letter from James P. Tamsen, Chief Assistant County Attorney, which asks the opinion of the Attorney General concerning the following matter. Mr. Tamsen cites section 99-m
of the General Municipal Law, which empowers a county treasurer to deduct a two percent fee of the amount of money deposited in connection with bail posted under the Criminal Procedure Law upon exoneration of the bail. However, a criminal court may, pursuant to section 814
of the Family Court Act, transfer a criminal proceeding before it to the family court. The family court may then itself fix or accept bail, pursuant to section 815 of the Family Court Act. Mr. Tamsen thus inquires whether a county treasurer is empowered to deduct a two percent fee from bail monies deposited with him when the bail has been ordered by the family court pursuant to section 815.
Section 99-m of the General Municipal Law reads as follows:
 "When, pursuant to the provisions of title P of the criminal procedure law, a sum of money deposited in connection with a cash bail or a partially secured bail bond is received by a court or other authorized public servant or agency, such money shall be deposited in the same manner as may be by law provided for the deposit of money generally received by such court, public servant or agency. The county treasurer, or, in the city of New York, the finance administrator, shall be entitled to a fee of two per centum of the amount of money so deposited. Upon the exoneration of the bail, the money so deposited, less such fee, shall by order of the appropriate criminal court, be refunded to the person who originally deposited such money. (Emphasis supplied.)
Section 815 of the Family Court Act provides, in pertinent part, as follows:
 "§ 815. Preliminary powers of family court when proceeding transferred to it from criminal court
 "(a) When a proceeding is transferred to the family court from a criminal court under this article, the family court is authorized
 "(i) to hold the defendant, admit to, fix or accept bail or parole him pending the family court's determination as to whether the proceeding should be transferred to a criminal court under section eight hundred sixteen;"
Under section 99-m, a county treasurer is entitled to deduct two percent of the amount deposited as bail upon exoneration of the bail, when the bail has been deposited pursuant to the provisions of title P of the Criminal Procedure Law. Title P details procedures for securing attendance at criminal actions and proceedings of defendants and witnesses. However, the family court is not included in the definitions of either a "superior court" or a "local criminal court," in which the provisions of title P are applicable (Criminal Procedure Law, § 10.10) Rather, it has been held that Family Court procedure is not governed by the Criminal Procedure Law (Matter of D., 27 N.Y.2d 90, 95). Therefore, fixing or accepting bail by a family court pursuant to section815 of the Family Court Act is not in any sense done "pursuant to the provisions of title P of the Criminal Procedure Law."
The language of section 99-m clearly indicates that its provisions are applicable only when bail is set pursuant to title P of the Criminal Procedure Law. When the words of a statute are free from ambiguity and plainly express the legislative intent, resort may not be had to other means of interpretation (McKinney's Statutes, § 76). Had the Legislature intended that section 99-m was to apply to bail set pursuant to provisions other than as are contained in title P, it could easily have so provided. Where a law expressly describes a particular act, thing or person to which it shall apply, an irrefutable inference must be drawn that what is omitted or not included was intended to be omitted or excluded (McKinney's Statutes, § 240).
We conclude, therefore, that section 99-m of the General Municipal Law does not authorize a county treasurer to deduct two percent of the amount of bail deposited in his office, upon exoneration of the bail, when the bail was ordered by the family court pursuant to section815 of the Family Court Act.